IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CHAD A. SULLIVAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. CIV-13-449-W |
| JUSTIN JONES, ODOC DIRECTOR, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the petition has been examined and the undersigned recommends that it be dismissed on filing.

I.  **Background.**

Petitioner pled guilty to first-degree manslaughter on August 4, 2009, in Oklahoma County District Court. Doc. 1, at 1.[1] Petitioner did not appeal or otherwise seek to withdraw his guilty plea. On July 12, 2010, Petitioner sought a one-year judicial review of his sentence under Okla. Stat. tit. 22, § 982a and

---

[1]  All page numbers reference the Court's CM/ECF pagination.

the state court denied relief on August 3, 2010. *Id.* at 2 & Ex. A, at 2; Ex. B, at 5. Approximately two years later, on July 27, 2012, Petitioner filed an application for post-conviction relief alleging ineffective assistance of counsel on grounds that the attorney had failed to negotiate a one-year judicial review into the plea agreement. *Id.* at 3 & Ex. B, at 1-3. The district court denied relief on October 16, 2012, and the Oklahoma Court of Criminal Appeals affirmed on April 18, 2013. *Id.* at 3 & Exs. A, C.

## II. Screening requirement.

Pursuant to Rule 4, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing 2254 Cases in the United States District Courts. Under this rule, it is appropriate for the Court to raise the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

## III. Petitioner's claims.

Petitioner filed his petition on April 29, 2013,[2] alleging that his trial

---

[2] The petition is deemed "filed" on the date Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir.
(continued...)

attorney: (1) failed to personally appear at Petitioner's sentencing hearing, and (2) did not negotiate the availability of a one-year judicial review into Petitioner's plea agreement despite his assurance to Petitioner that he had done so.[3] Doc. 1, at 6.

## IV. The untimeliness of Petitioner's habeas petition.

The petition is subject to a one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock begins to run when the action becomes final or the factual predicate of the claim could have been discovered. *See* 28 U.S.C. § 2244(d)(1)(A), (D).

### A. Petitioner's claim involving the attorney's failure to personally appear at the sentencing hearing.

Petitioner knew on the date of his sentencing that his attorney was not present and that another counselor was standing in his place. Doc. 1, at 2, 3. Thus, Petitioner's first claim of ineffective assistance of counsel began to run when his conviction became final. That would have been ten days after Petitioner was sentenced, or August 14, 2009. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after

---

[2](...continued)
2007). Petitioner verified that date as April 29, 2013. Doc. 1, at 15.

[3] Under Oklahoma law, judicial review of a sentence is not available to any sentence imposed pursuant to a plea agreement absent the consent of the district attorney. *See* Okla. Stat. tit. 22, § 982a.

3

an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal). Absent tolling, Petitioner's statute of limitations on this claim expired on August 15, 2009. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)). However, because the actual deadline fell on a Sunday, Petitioner had one more day – or until August 16, 2010 – in which to file his habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

Statutory tolling is available when during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting that statutory tolling applies only to those collateral challenges filed while the one-year statute of limitations is still running, not to those that were filed "after the end of the limitations period"). As noted above, Petitioner filed a motion for judicial review under Okla. Stat. tit. 22, § 982a on July 12, 2010. However, such a motion does "not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period." *Jamison v. Jones*, 197 F. App'x 743, 745 n.3 (10th Cir. 2006). And, by the time Petitioner filed his application for post-conviction relief in July 2012, his AEDPA limitations period had already expired. Thus, Petitioner is not entitled to any

statutory tolling during the pendency of that post-conviction action. *See Fisher*, 262 F.3d at 1142-43 ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 2562; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (Equitable tolling is available only in "'rare and exceptional circumstances.'") (citation omitted)). Examples of when equitable tolling would be appropriate include: (1) actual innocence, (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing," or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808.

Petitioner argues only that "on going litigation" – citing to his application for post-conviction relief and included motion for one-year judicial review – prevented a timely filing. Doc. 1, at 13 (citing Exs. A, B, C). But these documents do not reflect any defective pleadings filed during the statutory time. Further, Petitioner has not alleged that he is actually innocent of the underlying

criminal charge or that an adversary's conduct, or other uncontrollable circumstances, prevented a timely filing. Thus, equitable tolling is not available on this claim.

With no statutory or equitable tolling available on Petitioner's allegation that his attorney failed to make a personal appearance at the sentencing hearing, the statute of limitations for that claim expired on August 16, 2010. Petitioner did not file his petition until April 29, 2013, and the undersigned therefore finds the claim untimely.

**B. Petitioner's claim that his attorney failed to ensure the availability of a one-year judicial review despite his assurance that he did so.**

According to Petitioner, he did not learn that his attorney had failed to ensure the availability of a one-year judicial review until the district court rejected his motion for review on August 3, 2010. Doc. 1, at 2 & Ex. B, at 2-3, 5. The court assumes without deciding that the factual predicate for this claim was undiscoverable until that date. With August 3, 2010, as the running date, Petitioner's statute of limitations would have expired on August 4, 2011, absent tolling. *See United States v. Hurst*, 322 F.3d at 1260-61.

As discussed above, statutory tolling is unavailable because Petitioner did not file any applications for post-conviction relief during that year, and he has not made any allegations that would entitle him to equitable tolling.

6

Accordingly, the undersigned finds that the statute of limitations for Petitioner's second claim of ineffective assistance of counsel expired on August 3, 2011, and his April 29, 2013, petition is again too late.

## V.     Recommendation and notice of right to object.

Petitioner's claims of ineffective assistance of counsel expired on August 16, 2010, and August 4, 2011, respectively. The petition was not filed until April 29, 2013, and the statute of limitations therefore bars both claims. Thus, the undersigned Magistrate Judge recommends that the petition be summarily dismissed.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 11, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf on the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 22nd day of May, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE