IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

CHAD A. SULLIVAN, )
)
Petitioner, )
)
vs. ) No. CIV-13-449-W
)
JUSTIN JONES, ODOC Director, )
)
Respondent. )

**FILED**

JUL - 1 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _mh_ DEPUTY

## ORDER

On May 22, 2013, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation in this matter and recommended that this matter be summarily dismissed as time-barred. Petitioner Chad A. Sullivan, proceeding pro se, was advised of his right to object, see Doc. 4 at 7, and the matter now comes before the Court on Sullivan's Motion/Objection to Report and Recommendation. See Doc. 9.

Upon de novo review of the record, the Court concurs with Magistrate Judge Mitchell's suggested disposition of this matter. Sullivan's Petition for Writ of Habeas Corpus ("Petition") filed under title 28, section 2254 of the United States Code and the grounds for relief raised therein are subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, Sullivan's claim of ineffective assistance of counsel based upon his allegation that his attorney failed to attend his sentencing hearing expired and became final on August 15, 2009. Sullivan therefore had, after application of Rule 6, F.R.Civ.P., until August 16, 2010, to seek relief under section 2254.

Sullivan's claim in the instant Petition based upon his allegation that his counsel was likewise ineffective because counsel misadvised him about his ability to seek judicial review of his sentence under title 22, section 982a of the Oklahoma Statutes expired on August 3, 2010. Sullivan was therefore required to seek relief under section 2254 no later than August 3, 2011.

Sullivan's Petition is deemed filed April 29, 2013. Accordingly, his claims are time-barred unless he can establish that AEDPA's one-year limitations period has been tolled. Based upon its review of the record, the Court finds that Sullivan is neither entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), nor entitled to equitable tolling. E.g., Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling appropriate only if exceptional or uncontrollable circumstances exist).[1]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 4] issued on May 22, 2013; and

---

[1] In explaining why the one-year limitations period did not bar his claims, Sullivan in his Petition cited "on going litigation." Doc. 1 at 13. Only now in his Motion/Objection to Report and Recommendation has Sullivan has asserted that the correctional facility "was on complete lock down status," Doc. 9 at 1, and that he was therefore denied access to the law library. Sullivan has further advised that he is seeking documents that will substantiate the lock down dates, September 2010 to December 2011. See id.

Even if Sullivan obtains documents at this late date showing the facility's lock down status and even assuming that a prison lock down qualifies as an "exceptional or uncontrollable circumstance," Sullivan has failed to explain why he waited to seek state post-conviction relief or file his federal habeas petition. If, as Sullivan has contended, any deadlines or the one-year limitations period expired while the facility was in lock down, Sullivan has reported that the lock down ended no later than December 2011. See id. Yet, as evidenced by the record, he waited until July 2012 to seek relief in state court and until April 2013 to file the instant Petition and no explanation for these delays (or for the delay in requesting the lock down records) has been forthcoming.

2

(2) DISMISSES Sullivan's Petition with prejudice.

ENTERED this _1st_ day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE